NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| JONATHAN SAONER, : | Hon. Robert B. Kugler |
| Petitioner, : | Civil No. 05-3608 (RBK) |
| v. : | **OPINION** |
| JONATHAN C. MINER, : |  |
| Respondents. : |  |

**APPEARANCES:**

> JONATHAN SAONER,#40769-050
> F.C.I. Fairton Camp
> P.O. Box 420
> Petitioner Pro Se

**KUGLER, District Judge**

Petitioner Jonathan Saoner filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 challenging the date set by the Bureau of Prisons ("BOP") for his pre-release custody placement in a community corrections center ("CCC").  For the reasons explained in this Opinion, the Court dismisses the Petition as moot.

**I.  BACKGROUND**

At the time he filed the Petition, Petitioner was incarcerated at F.C.I. Fairton Camp in New Jersey, serving a federal sentence of 27-month sentence, with a projected release date of February 28, 2006.  He challenges the BOP's decision to place him in a CCC for not more than the final 10% of his sentence as contrary to federal law.  Petitioner contends that prison officials

violated federal statutory law by limiting his pre-release placement date to 10% of the sentence and abandoning its longstanding practice of generally placing inmates in a CCC for the final six months of the sentence.

On December 29, 2005, this Court issued an Order directing Respondent to show cause within 20 days why the writ should not be granted. According to the docket, Respondent was served by certified mail on January 3, 2006. Although no answer has been filed, the BOP's online Inmate Locator indicates that the BOP released Petitioner from custody on February 28, 2006. According to the docket, Petitioner has not notified the Clerk of a change of address.

## II. DISCUSSION

A. Jurisdiction

Under 28 U.S.C. § 2241(c), habeas jurisdiction "shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has subject matter jurisdiction under § 2241(c)(3) if two requirements are satisfied: (1) the petitioner is "in custody" and (2) the custody is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); Maleng v. Cook, 490 U.S. 488, 490 (1989). The federal habeas statute requires that the petitioner be in custody "under the conviction or sentence under attack at the time his petition is filed." Lee v. Stickman, 357 F.3d 338, 342 (3d Cir. 2004) (quoting Maleng, 490 U.S. at 490-91). This Court has subject matter jurisdiction under § 2241 to consider the instant Petition because Petitioner challenges the execution of his sentence and he was incarcerated in New Jersey at the time he filed the Petition. See Woodall v. Fed. Bureau of Prisons, 432 F.3d 235, 242-44 (3d Cir. 2005); see also Spencer v. Kemna, 523 U.S. 1 (1998). The question here is whether Petitioner's release

from custody on February 28, 2006, caused the Petition to become moot because it no longer presents a "case or controversy" under Article III, § 2, of the United States Constitution.  See Spencer, 523 U.S. at 7; DeFunis v. Odegaard, 416 U.S. 312, 316 (1974); Miller v. Fed. Bureau of Prisons, 147 Fed. Appx. 302, 307 (3d Cir. 2005).

The exercise of judicial power depends upon the existence of a case or controversy because Article III of the Constitution limits the judicial power of federal courts to "cases or controversies" between parties.  U.S. CONST. art. III, § 2.  "This "case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate. . . . The parties must continue to have 'a personal stake in the outcome' of the lawsuit."  Lewis v. Continental Bank Corp., 494 U.S. 472, 477-78 (1990).  "This means that, throughout the litigation, the plaintiff must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision."  Spencer, 523 U.S. at 7 (citation and internal quotation marks omitted).

In this case, Petitioner challenges the date on which he became eligible for CCC placement.  When the BOP released Petitioner from custody, the Petition became moot because Petitioner was no longer threatened with "an actual injury traceable to the [BOP] and likely to be redressed by a favorable judicial decision."  Spencer, 523 U.S. at 7; see also United States v. Johnson, 529 U.S. 53 (2000) (statute addressing supervised release does not permit court to reduce period of supervised release even where BOP miscalculated term of imprisonment).  As the Third Circuit noted in an unpublished opinion in which the Court determined the invalidity of the December 2002 policy (but did not rule on the validity of the February 2005 regulations), "[b]ecause of the short sentence, the necessity of securing the views of the Government . . . and

3

the time necessary to study and opine on these complicated issues, the likelihood of [Petitioner] getting an earlier transfer to a CCC was always minimal." Miller v. Fed. Bureau of Prisons, 147 Fed. Appx. 302, 307 (3d Cir. 2005).  As no relief can be granted to Petitioner, the Court is constrained to dismiss the Petition as moot.

### III.  CONCLUSION

For the reasons set forth above, the Court dismisses the Petition.

s/Robert B. Kugler
ROBERT B. KUGLER, U.S.D.J.

Dated:      March 31      , 2006